ALVIN LOVE *vs.* MASSACHUSETTS PAROLE BOARD & another.[1]

Middlesex. November 4, 1992. - December 10, 1992.

Present: WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

Parole. Practice, Civil, Moot case, Record.

On appeal in an action seeking declaratory relief, brought by a prisoner claiming his parole was unconstitutionally revoked, the case was remanded to the trial court for an initial determination whether the issue raised was moot. [767-769]

CIVIL ACTION commenced in the Superior Court Department on December 12, 1989.

The case was heard by *Wendie I. Gershengorn*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Douglas W. Salvesen* for the plaintiff.

*Robert N. Sikellis*, Assistant Attorney General, for the defendants.

NOLAN, J. In 1986, Alvin Love was convicted of offenses including breaking and entering in the daytime with the intent to commit a felony, larceny, and receiving stolen property. He was sentenced to serve from nine to ten years at the Massachusetts Correctional Institution, Norfolk (M.C.I., Norfolk). On August 24, 1989, Love was paroled. His parole was contingent on numerous conditions, one of which required him to "obey local, state, and federal laws."

On or about November 2, 1989, Wellesley police arrested Love for an October 31 breaking and entering of a dwelling with the intent to commit a felony and larceny. Love ap-

---

[1]The superintendent of the Massachusetts Correctional Institution, Norfolk.

peared in the Dedham Division of the District Court Department and was released to the Massachusetts Parole Board's (parole board's) detainer. The case stemming from this arrest was continued until November 27, 1989. The parole board returned Love to confinement at M.C.I., Concord. The parole board scheduled a preliminary parole revocation hearing for November 13, 1989. The parole board provided Love advance written notice of the hearing on November 7, 1989. The purpose of the hearing was to determine "whether there [was] a reasonable basis for believing that [Love] [had] violated the conditions of [his] parole," and whether Love's parole should be temporarily revoked pending a final parole revocation hearing.[2] Love's parole was provisionally revoked at the preliminary hearing. On December 12, 1989, Love filed a petition for a writ of habeas corpus claiming, among other things, that the parole board unconstitutionally revoked his parole. On December 14, 1989, after a final hearing, the parole board revoked Love's parole.

Following a bench trial in March, 1990, Love was convicted of the Wellesley crime. Love appealed from the conviction and sought a trial de novo. In January, 1991, prior to the trial de novo, Love agreed to a plea bargain.

In February, 1991, on the authority of *Massachusetts Parole Bd.* v. *Brusgulis*, 403 Mass. 1010 (1989), the trial judge construed Love's petition for a writ of habeas corpus as a complaint for declaratory relief and found in favor of the parole board. Love appealed, and we granted his application for direct apellate review.

The parole board contends that Love's subsequent conviction for the Wellesley crime renders Love's appeal moot as he is not entitled to release from custody and has no personal stake in the outcome of the litigation. Love, however, argues that, if we conclude that his parole was unconstitutionally revoked, he will spend approximately twenty-three fewer

[2]The notice provided in part: "The hearing will consider . . . your conduct on 10/31/89 with respect to your arrest by Wellesley P.D. for breaking and entering in the daytime of a dwelling with intent to commit a felony and larceny."

months in prison.[3] If we deem his appeal moot, Love asks that we decide the case anyway because the controverted issues are capable of repetition, yet escape review. See *Ott* v. *Boston Edison Co., ante* 680, 683 (1992), and cases cited.

The parole board advanced the mootness argument, apparently for the first time, when the case reached this court.[4] At oral argument, we requested supplemental briefing from the parties on the issue. In response to our request, Love relies on facts not contained in the record to support his assertion that a live controversy exists.[5] This gap in the record renders us ill equipped to pass on the question. See *H.B. Budding Co.* v. *Boddie*, 331 Mass. 267, 269-270 (1954). We cannot base our decision on facts not contained in the record. See *Currens* v. *Assessors of Boston*, 370 Mass. 249, 253-254 (1976). Mass. R. A. P. 16 (e), as amended, 378 Mass. 940 (1979). Resolution of this issue is best addressed, in the first instance, in the

---

[3]Love's argument is predicated on the crediting effect his arguably wrongful incarceration, brought about by the alleged unconstitutional parole revocation, had on sentences for unrelated convictions. In April, 1991, Love's attorney wrote to the trial judge and advised her of Love's plea bargain in the Wellesley case and that Love had been found guilty on another charge unrelated to the parole revocation. Curiously, Love's attorney also wrote: "I do not believe that either of these actions has any effect on the issues raised in Mr. Love's petition for habeas corpus . . . ."

[4]In *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530, 532 (1937), the defendants took the position that the case had become moot since the date of the disposition in the court below. In response, we stated: "A proper way to bring this fact to the knowledge of the court was by affidavits." *Id.*

[5]The facts that are unsupported by the record are principally contained in the following passage from Love's letter submitted to this court on November 16, 1992: "Thereafter, in January 1991, Mr. Love received a two-year concurrent sentence from the Dedham District Court (90-JC-0717). Mr. Love was awarded jail credit back to March 1990 and, given the statutory good time credits Mr. Love is entitled to pursuant to [G. L. c.] 127, § 129, he completely served that sentence in May 1991. In January 1991, Mr. Love also received a two-year consecutive sentence (90-JC-1459). If Mr. Love's parole revocation is found to be unconstitutional and invalid, he began serving the two-year consecutive sentence in May 1991. Mr. Love completely served that sentence in June 1992. Therefore, the only sentence that Mr. Love is presently serving is the remainder of the 9-10 year sentence."

Superior Court. Therefore we vacate the judgment and remand the case for proceedings not inconsistent with this opinion.

*So ordered.*