COMMONWEALTH *vs.* RAPE CRISIS PROGRAM OF WORCESTER, INC. August 16, 1993. *Privileged Communication. Practice, Criminal*, Discovery. *Evidence*, Privileged communication. *Subpoena.*

In August, 1992, Edward H. Schultz was charged with forcible rape of a child under the age of sixteen. G. L.-c. 265, § 22A (1992 ed.). It appears that the victim sought counselling services at the Rape Crisis Program of Worcester, Inc. (center), though the judge did not so find. Schultz subsequently sought through discovery the alleged victim's rape crisis counselling records in the center's custody.

By order dated September 18, and amended November 6, the judge in the District Court allowed the request to compel production of any such records. The order, with a subpoena, was then served on the center. In response, the center filed a motion to quash the subpoena and for reconsideration. The center argued that the judge erred in allowing Schultz's request for the records because he had failed to demonstrate a legitimate need for the information, and that, in any event, the judge should review the records in camera. See *Commonwealth* v. *Two Juveniles*, 397 Mass. 261 (1986). In opposition, Schultz's defense counsel submitted an affidavit

in support of the request which averred that "[t]he documents which the court ordered produced flow from the alleged incident. As such, they clearly contain statements of the alleged victim which relate to the incident. These statements were presumably made shortly after the incident. . . . Due to the alleged [victim's] failure to report the incident for almost two months, the credibility of the alleged victim is a critical issue."

The judge denied the motion to reconsider and ordered the center to produce the records. The center refused to comply with the order and was held in civil contempt and ordered to pay $100 a day until it complied with the order. The judge stayed the fine pending appeal. The center appealed, and we granted a joint application for direct appellate review.

Schultz[1] argues that the record is incomplete, rendering us ill-equipped to decide the controversy. See *Love* v. *Massachusetts Parole Bd.*, 413 Mass. 766, 768 (1992), and cases cited. We agree. The record does not indicate whether the victim sought counselling with the center, and if she did, whether the communications she made are privileged from disclosure pursuant to G. L. c. 233, § 20J (1992 ed.). Accordingly, we remand this case to determine (1) whether the alleged victim sought counselling with the center, (2) if the alleged victim did seek counselling, whether the center possesses records of such counselling; and (3) if the records exist, whether the records are privileged from disclosure pursuant to G. L. c. 233, § 20J, or otherwise privileged. If the judge finds that the records are privileged, the judge shall consider the propriety of Schultz's request for the privileged records in accordance with *Commonwealth* v. *Bishop, ante* 169 (1993). Imposition of the fine shall be further stayed pending resolution of the factual matters described above. The judgment of contempt is vacated.

*So ordered.*

*Wendy Murphy* for the defendant.

*Carol A. Donovan*, Committee for Public Counsel Services (*Andrew Silverman*, Committee for Public Counsel Services, with her) for the intervener.

The following submitted briefs for amici curiae:

*Honora Kaplan* for Mental Health Corporations of Massachusetts, Inc.

*Scott Harshbarger*, Attorney General, *Neil S. Tassel & Pamela L. Hunt*, Assistant Attorneys General, *& Peggy A. Wiesenberg* for the Attorney General & others.

*Patricia A. Correa & Diane M. Kottmyer* for Domestic Violence Council.

*Mitchell F. Dolin & Lisa A. Hertzer*, of the District of Columbia, for National Coalition Against Sexual Assault & another.

---

[1]A single justice of this court allowed a motion to intervene filed by Edward Schultz.

*Andrew Good* for Massachusetts Association of Criminal Defense Lawyers.

*John J. Conte*, District Attorney, *& Lynn Morrill Turcotte*, Assistant District Attorney, for District Attorney for the Middle District.

