RICHARD SOMMI vs. SAMUEL AYER
(and one companion case[1]).

No. 99-P-432.

Plymouth. December 8, 2000. - March 23, 2001.

Present: PORADA, LAURENCE, & LENK, JJ.

*Abuse Prevention. Protective Order. Words, "Mutual."*

This court concluded that a "mutual" restraining order under G. L. c. 209A, § 3, includes consecutive orders, applicable to the same parties in reversed roles, sought in different courts or in different proceedings. [209-210]

In circumstances in which parties sought and received reciprocal (mutual) restraining orders under G. L. c. 209A, § 3, consecutively and in different courts, the judge hearing the second matter should have made written findings of fact and provided a detailed order as required by the statute; where the second order failed to provide the detail necessary to apprise a law enforcement officer as to which party had violated the order in the event a violation occurred, the order was vacated. [210-211]

CIVIL ACTIONS commenced in the Plymouth Division of the District Court Department on December 29, 1998.

Abuse prevention orders were issued by *Thomas F. Brownell,* J., and mutual abuse prevention orders were extended by *Michael C. Creedon,* J.

*Vickie L. Henry* for Samuel Ayer.

*Susan L. Collins* for Richard Sommi & another.

*Mary L. Bonauto,* for Gay & Lesbian Advocates & Defenders & others, amici curiae, submitted a brief.

PORADA, J. The principal issue in this case is whether the restraining orders issued by the Plymouth District Court on January 8, 1999, to the plaintiffs against the defendant were mutual restraining orders under G. L. c. 209A, § 3, where the defendant one day earlier had obtained restraining orders against

[1]Samuel Keller vs. Samuel Ayer.

the plaintiffs from the Orleans District Court. The defendant contends that they were and should be vacated because the judge failed to make written findings of fact before issuance and failed to provide a detailed order as required by G. L. c. 209A, § 3.[2] We agree and vacate the orders.

We summarize the pertinent facts. The defendant resided with the plaintiffs at their home in Plymouth. After an argument on December 26, 1998, the defendant left the plaintiffs' home and sought ex parte restraining orders against both plaintiffs in the Orleans District Court. Based on the defendant's allegations of physical and emotional abuse, the ex parte restraining orders against the plaintiffs issued on December 26, 1998. On December 29, 1998, the plaintiffs sought ex parte restraining orders against the defendant in the Plymouth District Court and the requests were allowed. On January 7, 1999, a judge of the Orleans District Court extended the ex parte orders obtained by the defendant against the plaintiffs for one year. On January 8, 1999, all parties appeared before a judge of the Plymouth District Court for a hearing. At that hearing, the judge declared that there was "abuse amongst all of the parties here, and there will be mutual restraining orders." However, the judge simply extended the ex parte no contact and stay away orders previously issued to the plaintiffs against the defendant for one year. The judge declined the defendant's request for written findings of fact and stated that he would place his findings on the tape but failed to do so. This appeal by the defendant followed.

Although the orders issued by the Plymouth District Court expired on January 6, 2000, we do not consider the case moot because the issue raised may be expected to arise in other proceedings. See Frizado v. Frizado, 420 Mass. 592, 593-594 (1995); Smith v. Joyce, 421 Mass. 520, 521 (1995).

---

[2]General Laws c. 209A, § 3, provides in pertinent part as follows:

"A court may issue a mutual restraining order or mutual no-contact order pursuant to any abuse prevention action only if the court has made specific written findings of fact. The court shall then provide a detailed order, sufficiently specific to apprise any law officer as to which party has violated the order, if the parties are in or appear to be in violation of the order."

We now turn to the issue presented.

General Laws c. 209A, § 3, does not define what constitutes a "mutual restraining order." There is no opinion of either the Supreme Judicial Court or our court which has addressed this issue. The trial court has, however, issued Guidelines for Judicial Practice: Abuse Prevention Proceedings (June 1997) (Guidelines), which provide that "[c]onsecutive orders, where the same parties reverse roles in different courts, should not be considered 'mutual orders.' " Guideline 6:07. Consequently, under the trial court guidelines the orders in this case would not be considered "mutual orders" under G. L. c. 209A, § 3. While the trial court's rationale for this view is sound, namely that the second court cannot change the order of the first court and may not immediately know the reasons for the issuance of the order by the first court, we do not think that "mutual orders" under § 3 are limited to orders sought in the same court or in the same proceeding.

Under the principles of statutory construction, absent a statutory or court interpretation of the word "mutual" in § 3, we derive its meaning from ordinary usage with due regard to the Legislative purpose in enacting the statute. *Pyle* v. *School Comm. of S. Hadley*, 423 Mass. 283, 286 (1996). "Mutual" as used in every day speech is synonymous with the word "reciprocal." American Heritage Dictionary 1193 (3d ed. 1992). Considering that the Legislature intended to make the procedure under G. L. c. 209A "as expeditious and as comfortable as it reasonably could for a lay person to pursue," *Frizado* v. *Frizado*, 420 Mass. at 598, and, consequently, gave parties seeking protective orders a wide choice of courts in which to pursue petitions, G. L. c. 209A, § 2[3]; *Zullo* v. *Goguen*, 423 Mass. 679, 681 (1996), we do not think that the Legislature intended to

---

[3]General Laws c. 209A, § 2, provides as follows:

"Proceedings under this chapter shall be filed, heard and determined in the superior court department or the Boston municipal court department or respective divisions of the probate and family or district court departments having venue over the plaintiff's residence. If the plaintiff has left a residence or household to avoid abuse, such plaintiff shall have the option of commencing an action in the court having venue over such prior residence or household, or in the court having venue

limit such orders to those issued by the same court or those containing mutual obligations, but rather intended them to apply to reciprocal orders between the parties whether issued by one court or different courts. We recognize that, as a practical matter, it may not be possible for the party seeking a restraining order to return to the first court because of immediate danger or inconvenience. Further, while the second court will not always be able to change the order of the first court, the second court is not without the means to know the content of the orders of the first court or the reasons for those orders. The second court, by providing specific and detailed guidance in its orders, can give law enforcement personnel the ability to identify the true violator.

The interpretation we adopt is not without support. While there is no opinion of a full appellate court, our view is in accord with a single justice opinion of the Supreme Judicial Court in which Justice Wilkins held that a consecutive order issued by a different court involving the same parties in reverse roles was invalid because it was not supported by written findings. Jones *vs.* Justices of the W. Roxbury Div. of the Dist. Ct., SJC 93-0009 (March 24, 1993). Also, our interpretation finds support in the Guidelines issued for abuse prevention proceedings. Guideline 6:07 provides that "[e]ach mutual order should refer to the other order by court department, division and case number." This language would be mere surplusage if mutual orders were limited to the same proceeding or the same court. In sum, we are of the opinion that, once the orders issued in the Orleans District Court, the orders in the Plymouth District Court involving the same parties became reciprocal and, thus, "mutual" restraining orders.[4]

Because the orders were "mutual," the judge of the Ply-

_____

over the present residence or household."

Because it is probably not uncommon for a plaintiff to have left a residence or household to avoid abuse, it would not be uncommon for parties to seek protective orders in different courts.

[4]In reaching this result, we do not disagree with the Guidelines which suggest that, if there is no substantial likelihood of immediate danger, the better practice would be to refer the plaintiff in the second action back to the court that issued the first order to seek either a modification of that first order or mutual orders. Guideline 6.07 and its commentary, Guidelines for Judicial Practice: Abuse Prevention Proceedings (June 1997).

mouth District Court was required to make specific written findings of fact. It is obvious that the purpose of specific written findings is to ensure that the judge will carefully consider the evidence presented to determine who is the real victim and aggressor in an abusive relationship and if a mutual order is warranted. See *Willis* v. *Board of Selectmen of Easton*, 405 Mass. 159, 161-162 (1989) (findings of fact and conclusions of law required by Mass.R.Civ.P. 52[a], as amended, 423 Mass. 1408 [1996], ensure that a judge has dealt fully and properly with all the issues and that the parties and reviewing court may be fully informed as to the bases for the judge's decision); *Custody of Vaughn*, 422 Mass. 590, 599-600 (1996) (requiring courts to make explicit findings about the effect of violence on a child in custody determinations serves to keep these matters in the foreground of the judges' thinking). In issuing a mutual order, a judge is required to set forth the bases for concluding that mutual abuse occurred and, thus, a reciprocal order is warranted. The judge's failure to do so in this case requires the order to be vacated.

Similarly, when a mutual restraining order or no-contact order is to issue, the judge is required to provide a detailed order that is sufficiently specific to apprise a law enforcement officer as to which party has violated the order in the event that a violation occurs. G. L. c. 209A, § 3. Otherwise, as the defendant properly points out, in a situation where one party contacts the other, the risk of finding both parties in violation of the mutual orders issued is great, even if only one is the violator. Here, the judge of the Plymouth District Court simply issued an order reciting the standard no contact and no abuse provisions found in the abuse prevention order form of the trial court. As such, it failed to provide the detail necessary to apprise a law enforcement officer as to which party would have violated the order. Accordingly, the order must be vacated.

The defendant also challenges the restraining orders on the grounds that the evidence was insufficient to support a finding of abuse of the plaintiffs by the defendant and that the judge in issuing the order applied the wrong standard. Because we have concluded that the orders must be vacated, we need not address the defendant's claims in detail. We simply state that, upon our

review of the record, there was sufficient evidence to support the judge's finding of abuse and that, once the judge made this finding, he was warranted in issuing restraining orders.

In sum, we vacate the restraining orders issued by the Plymouth District Court in this action.

*So ordered.*