JOHN DOE[1] *vs.* SAMUEL J. KELLER & another.[2]

No. 01-P-1074.

Barnstable. January 15, 2003. - April 14, 2003.

Present: PORADA, SMITH, & MASON, JJ.

*Abuse Prevention. Protective Order.*

At a hearing in which the judge granted the plaintiff's request to make permanent existing restraining orders against the defendants that had been obtained on the basis of claims of rape, physical abuse, and threats on the plaintiff's life, the judge did not abuse his discretion in ruling that the plaintiff still feared the defendants even though there had been no contact between the parties in the past two years. [778-779]

There was no merit to the claim by defendants, against whom restraining orders had been issued based on the plaintiff's allegation of rape, that the judge at a hearing to make the orders permanent abused his discretion by discrediting the failure of the grand jury to return an indictment in regard to the plaintiff's claim of rape. [779]

COMPLAINTS for protection from abuse filed in the Orleans Division of the District Court Department on December 28, 1998.

A request for a permanent abuse order was heard by *Robert A. Welsh, Jr.,* J.

*Susan L. Collins* for the defendants.

*Vickie L. Henry* (*Anthony D. Miranda* with her) for the plaintiff.

SMITH, J. The defendants, Samuel Keller and Richard Sommi, appeal from the allowance of the plaintiff's request to make permanent a restraining order issued against the defendants.

On December 28, 1998, the plaintiff filed a complaint under G. L. c. 209A for restraining orders against the defendants,

---

[1] A pseudonym. We assume, without deciding, that G. L. c. 265, § 24C, refers to civil as well as criminal cases.

[2] Richard Sommi.

individually, claiming rape, physical abuse, and threats on his life. The plaintiff obtained ex parte orders which, after a hearing on January 7, 1999,[3] were extended to January 7, 2000, by a judge of the Orleans District Court. The defendants were ordered to refrain from abusing the plaintiff and not to contact the plaintiff, which included an order to the defendants to stay away from the plaintiff's work place. On January 7, 2000, after a hearing at which neither defendant appeared, the respective orders against the defendants were extended to January 5, 2001.

At a hearing on January 5, 2001, the plaintiff requested that the existing orders be made permanent. All of the parties were present and all were represented by counsel. After the hearing, the judge ordered that the orders be made permanent. The defendants appealed.

We summarize the evidence. The plaintiff testified that he first met the defendants in Provincetown in 1997. The plaintiff engaged in a sexual relationship with the defendants and in January of 1998, the plaintiff, at the defendants' invitation, moved into their home, where he continued the sexual relationship that had been previously established.

The plaintiff testified that while living with the defendants in the months before December of 1998, he was repeatedly threatened by both defendants and often beaten by them. On December 22, 1998, the plaintiff was anally raped by Keller while being restrained by Sommi. On December 26, 1998, after threats from the defendants of physical harm, the plaintiff left the defendants' home and went to the police and reported the rape. A grand jury heard testimony about the rape but did not return any indictments against the defendants.

The plaintiff is a hair stylist, as are the defendants. The plaintiff testified that he still feared the defendants. He was

---

[3]On December 29, 1998, the defendants obtained ex parte restraining orders against the plaintiff from the Plymouth District Court. After a hearing on January 8, 1999, the day after the hearing on the plaintiff's complaint, a Plymouth District Court judge extended the orders against the plaintiff and the plaintiff appealed, claiming that the orders obtained by the defendants were, in effect, mutual restraining orders and that the judge failed to make the findings required pursuant to G. L. c. 209A, § 3. This court agreed and vacated the orders entered against the plaintiff. *Sommi* v. *Ayer*, 51 Mass. App. Ct. 207, 209-211 (2001).

afraid to leave his town or to go to conventions or trade shows for fear that he would encounter the defendants.

The defendants did not testify at the hearing. There was no evidence of any contact between the plaintiff and the defendants since the incidents that resulted in the restraining orders first being issued in 1999.

After the hearing concluded, the judge issued written findings of fact and conclusions of law. The judge found that "there was credible evidence of abuse by the defendants against the plaintiff. Specifically, there was evidence of threats of bodily harm and at least one instance of anal penetration against the will of the plaintiff." The judge noted that the fact that the grand jury failed to return an indictment of rape was "not dispositive of that issue." Based on his findings, the judge ordered the restraining orders be made permanent.

On appeal, the defendants argue that the judge abused his discretion by (1) issuing a permanent restraining order based solely on the plaintiff's testimony,[4] and (2) discrediting the failure of the grand jury to return an indictment in regard to the plaintiff's claim of anal rape.

In *Crenshaw* v. *Macklin*, 430 Mass. 633, 633 (2000), the court held that G. L. c. 209A, § 3, "empowers a judge in the District Court (or any other court with jurisdiction to consider the matter) to issue a permanent protective order at a renewal hearing." Further, the statute explicitly provides that "[t]he fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order . . . ." G. L. c. 209A, § 3, as inserted by St. 1990, c. 403, § 3. "The only criterion for extending the original order is a showing of continued need for the order." *Pike* v. *Maguire*, 47 Mass. App. Ct. 929, 929 (1999). See Massachusetts Trial Court, Guidelines for Judicial Practice: Abuse Prevention Proceedings, Commentary to Guideline 6:08 (rev. 1997).

---

[4]The defendants also raised on appeal a claim that the statutory provision of a permanent restraining order violates the right to due process guaranteed by art. 12 of the Massachusetts Declaration of Rights. The challenge was not raised below and therefore we do not consider it. *Commonwealth* v. *Siciliano*, 420 Mass. 303, 306 (1995). In any event, "the due process rights of a defendant . . . are amply protected." *Lonergan-Gillen* v. *Gillen, ante* 746, 750 (2003).

Here, the judge heard the testimony of the plaintiff as to the abuse he suffered and his ongoing fear of further abuse by the defendants. The judge specifically found that the plaintiff was raped by the defendants. The crime of rape is a traumatic offense, no matter the gender of the victim. It is "a crime involving not simply sex but violence and domination calculated to humiliate, injure and degrade." *Commonwealth* v. *McCourt*, 438 Mass. 486, 495 (2003), quoting from *Commonwealth* v. *McCourt*, 54 Mass. App. Ct. 673, 681 (2002). Thus, because as the judge noted, the triggering event (the rape) "was particularly egregious," we hold that the judge did not abuse his discretion in ruling that the plaintiff still feared the defendants even though there had been no contact between the parties in the past two years.

We find no merit in the defendants' claim with respect to the grand jury's failure to indict them. The question before the grand jury was whether there was probable cause to believe that Keller had raped the plaintiff with Sommi's assistance. The question before the District Court judge was whether, based on a preponderance of the evidence, there was a continuing need for a restraining order under G. L. c. 209A. See *Frizado* v. *Frizado*, 420 Mass. 592, 597 (1995). Different questions may result, as they did here, in different answers.

> *Order of January 5, 2001,*
> *affirmed.*