The defendant (mother) appeals from an abuse prevention order entered against her under G. L. c. 209A (209A order), arguing that the evidence was insufficient to show that she caused or attempted to cause physical harm to the plaintiff (father).[2] The parties were formerly married. On February 5, 2017, after an incident at their daughter's basketball game, the mother applied for a 209A order against the father. One day later, the father applied for a 209A order against the mother based on the same incident, among others. After a hearing the judge allowed both applications and issued mutual 209A orders.[3]
General Laws c. 209A, § 3, as appearing in St. 1990, c. 403, § 3, states that "[a] court may issue a mutual restraining order or mutual no-contact order pursuant to any abuse prevention action only if the court has made specific written findings of fact." The orders here plainly qualify as "mutual." See Sommi v. Ayer, 51 Mass. App. Ct. 207, 209-210 (2001). The judge was therefore required to issue specific written findings, which he did not do. Accordingly, we vacate the 209A order entered against the mother and remand the matter for further proceedings consistent with this memorandum and order.
So ordered.
Vacated and remanded.

The father did not file a brief on appeal and, as a result, was not heard at oral argument. See Mass.R.A.P. 19(c), 365 Mass. 867 (1974).

The father did not appeal from the order entered against him.