NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-279

M.D.

vs.

E.B.P.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal concerns the September 2024 extension of an abuse prevention order originally issued in September 2023 in favor of the plaintiff, M.D., against the defendant, E.B.P., under G. L. c. 209A (209A order or order).  The defendant appeals from orders of a District Court judge dated September 26, 2024, extending the 209A order for one year and denying the defendant's motion to vacate the order.  We affirm.

Background.  The parties began a dating relationship in March 2020, and the defendant moved into the plaintiff's home the following May.  In September 2023, following an altercation at the home, the plaintiff applied for a 209A order on the grounds that the defendant had physically harmed him and placed

him in fear of imminent further harm.  The plaintiff obtained the order on an ex parte basis, and after a two-party hearing held the next day, it was extended for one year, to expire in September 2024.  The defendant moved to vacate the order in October and December 2023, alleging the plaintiff had misrepresented the facts in his affidavit and that the initial order had been obtained fraudulently.  The first motion was heard and denied on October 10, 2023, and the second was heard and denied on January 3, 2024.  The defendant filed a notice of appeal on January 22, 2024.

In late January 2024, the defendant sought permission from a single justice of this court to file a late notice of appeal with respect to the first one-year extension issued in September 2023.  The single justice of this court denied the defendant's motion and her subsequent motion for reconsideration.  As a result, any issues the defendant raises in her brief having to do with the September 2023, or October 2023, hearings and orders are not before us.[1]

Just prior to the second extension hearing in September 2024, the defendant filed another motion to vacate the 209A order, reiterating her fraud claim.  The plaintiff's request to

---

[1] To the extent the January 3, 2024, denial of the defendant's motion to vacate is before us, the defendant makes no separate argument as to it, and we do not address it.

2

extend the order and the defendant's motion to vacate the order were heard together by the same judge who had presided over the September 2023 extension hearing and the January 2024 motion hearing. The plaintiff appeared in person, and the defendant appeared remotely.[2] The judge, satisfied that the plaintiff had met his burden to have the order extended, and finding that the defendant had not shown by clear and convincing evidence that the original order was fraudulently obtained, extended the order by one year and denied the motion to vacate. The defendant timely appealed.[3]

Discussion. To obtain an extension of the 209A order, the plaintiff was required to show "by a preponderance of the evidence" that the order remained necessary to protect him "from the likelihood of further 'abuse,' as defined in G. L. c. 209A,

[2] The defendant contends that her due process rights were violated by the denial of her motion to appear remotely at the September 2024 extension hearing. Because the defendant was ultimately permitted to participate in the hearing remotely, as she requested, any due process claim the defendant may have is meritless.

[3] Following the next extension hearing, in September 2025, the same judge found the plaintiff had not shown a continuing need for the 209A order and terminated it effective October 1, 2025. The defendant submitted a motion apprising this court of this development and seeking a determination that her appeal is not moot. We may take judicial notice of court records in a related proceeding. See Jarosz v. Palmer, 436 Mass. 526, 530 (2002). Although the order is no longer in effect, the defendant is correct that her appeal is not moot. See Allen v. Allen, 89 Mass. App. Ct. 403, 405 (2016); Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 638 (1998).

§ 1." Iamele v. Asselin, 444 Mass. 734, 739-740 (2005). The judge considers "the totality of the conditions that exist at the time that the plaintiff seeks the extension, viewed in the light of the initial abuse prevention order." Id. at 741. We review the extension of a c. 209A order "for an abuse of discretion or other error of law." E.C.O. v. Compton, 464 Mass. 558, 562 (2013). "We therefore ask whether the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotations omitted). L.L. v. M.M., 95 Mass. App. Ct. 18, 22 (2019), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The defendant argues that the judge's extension of the order was an abuse of discretion because she submitted substantial evidence to rebut the plaintiff's claim of a continuing need for the order to protect him from abuse.[4] To the contrary, the transcript of the hearing demonstrates that the judge appropriately considered all relevant circumstances. The

---

[4] In support of her claims, the defendant has attempted to offer additional evidence on appeal, including the termination of the order in September 2025, see note 3, supra. "We cannot base our decision on facts not contained in the record" that was before the judge. Love v. Massachusetts Parole Bd., 413 Mass. 766, 768 (1992). Accordingly, we deny the defendant's motions to expand the record with materials that were not before the judge at the September 2024 hearing.

4

plaintiff testified regarding the "violent episode" that led up to the issuance of the initial order in September 2023. He also described more recent interactions between the parties. Specifically, the plaintiff testified that he and his brother had received text messages and phone calls from the defendant and a third party, demanding $250,000 and to discuss ownership of the parties' dog. He also testified that much of the defendant's personal property remained at his home, a fact the defendant did not contest; indeed, she repeatedly expressed concern for that property, supporting the plaintiff's contention that the defendant was likely to try to return to the premises. The judge also heard and considered testimony from the defendant regarding the September 2023 incident and her lack of resources to travel to the defendant's home in Massachusetts from her location in Pennsylvania.[5] "We accord the credibility determinations of the judge who heard the testimony of the parties . . . [and] observed their demeanor . . . the utmost deference" (quotations and citations omitted). Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

---

[5] The defendant also spoke extensively at the hearing and in her brief about the consequences she has suffered as a result of the issuance of the order against her. However, "[t]he effect a 209A order has on a defendant is not relevant to a judge's assessment of whether to issue a 209A order." Calliope C. v. Yanni Y., 103 Mass. App. Ct. 722, 726 (2024).

The defendant contends that the extension hearing violated her due process rights because the judge failed to consider all her motions and evidence, and because he permitted the plaintiff to introduce evidence that was "irrelevant or prejudicial." Having a meaningful opportunity to be heard in a c. 209A proceeding "includes the defendant's right to testify, to present evidence, and to cross-examine the witnesses against her." Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022).

In this case, the judge permitted the defendant to testify extensively and to cross-examine the plaintiff. He did not, as the defendant contends, ignore any of her motions. Indeed, the judge repeatedly acknowledged that the defendant had filed a motion to vacate alleging the initial order was fraudulently obtained, specifically asked the defendant to testify regarding those allegations, and stated explicitly in issuing the extension that the defendant had failed to meet her burden. It bears noting that strict evidentiary standards need not be followed in c. 209A proceedings, see Frizado v. Frizado, 420 Mass. 592, 597-598 (1995), but in any case, the evidence with which the defendant now takes issue -- testimony by the plaintiff regarding ownership of the parties' dog and the above-mentioned calls and text messages to the plaintiff and his brother -- was minor in both volume and importance to the plaintiff's case. Furthermore, the defendant had the

6

opportunity to cross-examine the plaintiff about the complained-of evidence and declined the judge's offer to have the voicemails played at the hearing.  Even if we were to assume that this evidence was admitted in error, we are confident that any error did not compromise the defendant's meaningful opportunity to be heard, did not affect the result of the hearing, and does not necessitate disturbance of the judge's orders.

The defendant's remaining claims -- that the judge failed to afford her the "procedural leeway" to which she was entitled as a pro se litigant and that he declined to issue written findings of fact and conclusions of law -- are unavailing. First, the defendant's pro se status did not excuse her noncompliance with procedural rules.  "Although some leniency is appropriate" in proceedings involving pro se litigants, Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985), ultimately "pro se litigants are held to the same standards as practicing members of the bar." Commonwealth v. Jackson, 419 Mass. 716, 719-721 (1995).  Second, Mass. R. Civ. P. 52 (a), as amended, 423 Mass. 1402 (1996), does not generally require judges to make specific written findings of fact when issuing a c. 209A order.  So long as "we are able to discern a reasonable basis for the order in the judge's rulings and order, no specific findings are required." G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018).

Contrast Sommi v. Ayer, 51 Mass. App. Ct. 207, 211 (2001) (judge required to make specific written findings when issuing "mutual" orders under c. 209A). Taking into account the judge's concluding statements at the hearing and the content of his written order, in conjunction with both parties' testimony and the other evidence available to the judge at the hearing, we are satisfied that the judge's decision was reasonably based in the evidence. "While the judge's findings did not explain his reasoning in detail, we are confident that he considered the totality of the conditions at the time of the requested extension, viewed in light of the initial 209A order.

Accordingly, we discern no abuse of discretion." S.V. v. R.V., 94 Mass. App. Ct. 811, 814 (2019).[6]

Orders entered September 26, 2024, affirmed.

Order entered January 3, 2024, affirmed.

By the Court (Massing, Hand & Allen, JJ.[7]),

Clerk

Entered:  January 16, 2026.

---

[6] Finally, we acknowledge the defendant's motion for clarification regarding the unintended removal of signatures from certain documents contained in her record appendix.  Even with these deficiencies, the record appendices are sufficient to permit meaningful appellate review.  See Mass. R. A. P. 18 (a) (1) (A) (v), as appearing in 481 Mass. 1637 (2019).  We have discretion to overlook certain omissions from a record appendix, see Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 810-812 (1992), and we do so in this case.  The defendant need not file any corrected or supplemental materials.

[7] The panelists are listed in order of seniority.