NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-980

J.M.

vs.

R.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal concerns the May 2025 extension of an abuse prevention order originally issued in May 2024 in favor of the plaintiff, J.M., against the defendant, R.S., under G. L. c. 209A (209A order or order). The defendant has filed this pro se appeal from an order of a District Court judge dated May 28, 2025, extending the 209A order for one year. We affirm.

Background. The parties began a dating relationship in 2021 and share two children together. On May 1, 2024, the plaintiff appeared at the Concord District Court and applied for a 209A order. In her affidavit, the plaintiff stated that she was concerned for her safety as well as that of her children, as the defendant had become "unhinged," increasingly volatile, and

had recently told her that he "was capable of anything" including killing. The plaintiff obtained a 209A order on an ex parte basis, and after a two-party hearing, the order was extended for one year, to expire on May 28, 2025. The defendant did not appeal from that order. At a hearing on May 28, 2025, a judge of the District Court extended the order for one year until May 27, 2026. The judge also modified the order by requiring that the parties comply with any child support and visitation orders issued by the Probate and Family Court. The defendant has appealed from the order dated May 28, 2025.

Discussion. To obtain an extension of the 209A order, the plaintiff was required to show "by a preponderance of the evidence" that the order remained necessary to protect her "from the likelihood of [further] 'abuse,' as defined in G. L. c. 209A, § 1." Iamele v. Asselin, 444 Mass. 734, 739 (2005). At the hearing, the judge considers "the totality of the conditions that exist at the time that the plaintiff seeks the extension, viewed in the light of the initial abuse prevention order." Id. at 741. We review the extension of a 209A order "for an abuse of discretion or other error of law." E.C.O. v. Compton, 464 Mass. 558, 562 (2013).

At the outset, we note that the defendant has attempted to offer additional evidence on appeal, including evidence as to some events which occurred after the extension of the 209A order

2

on May 28, 2025.  "We cannot base our decision on facts not contained in the record" that were not before the judge.  Love v. Massachusetts Parole Bd., 413 Mass. 766, 768 (1992).  Accordingly, to the extent that the materials included with the defendant's appellate brief seek to expand the record, we deny such motion to expand the record as the materials were not before the judge at the extension hearing.

The defendant advances several arguments on appeal, including that there was insufficient evidence that he abused the plaintiff or posed a physical threat to her, that he was not given a fair opportunity to be heard at the May 29, 2024 hearing where the judge "wrongfully" ordered him to pay $1200 in monthly child support and ordered supervised parenting time, and that the plaintiff illegally fled another State (Maryland) with their children and came to Massachusetts not because she was in fear but to keep him away from his children in retaliation for him "moving on" with his life.

First, we agree with the defendant that having a meaningful opportunity to be heard in a 209A proceeding "includes the defendant's right to testify, to present evidence, and to cross-examine the witnesses against [him]."  Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022).  However, the defendant did not appeal from the 209A order issued on May 29, 2024 after the two-party hearing.  In his present appeal from the May 28, 2025

3

extension order, he "does not have . . . the right to relitigate the issuance of the . . . [May 29, 2024] order." Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 661 (2020). See Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 258-259 (2022). Moreover, because the defendant has not provided the court with a transcript of the May 29, 2024 hearing, even if the defendant did have the right to relitigate the issuance of the 209A order, on this record we would be unable to review any of the defendant's claims regarding the fairness of that proceeding or evaluate the sufficiency of the evidence presented at that hearing. Also, in his informal appellate brief, the defendant claims that he was not properly notified of the original 209A hearing. Again, the defendant's appeal is limited to the May 28, 2025 extension hearing in which he was present and did participate. Where the defendant did not appeal from the original 209A order, neither the judge presiding at the extension hearing nor this panel could review its underlying basis or second guess its validity. See Iamele, 444 Mass. at 742.

Next, the defendant claims that the judge erred in ordering child support and visitation orders. Here, however, the judge modified the existing order by requiring that the parties comply with any visitation and child support orders ordered by the Probate and Family Court. See G. L. c. 209A, § 3, final par.

4

("If the parties to a proceeding under this chapter are parties in a subsequent proceeding in the probate and family court department[,] . . . any custody or support order or judgment issued in the subsequent proceeding shall supersede any prior custody or support order under this chapter"). There was, accordingly, no error.

We have reviewed the defendant's remaining claims and are not persuaded. While we recognize that "some leniency is appropriate" in proceedings involving pro se litigants, Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985), ultimately "pro se litigants are held to the same standards as practicing members of the bar." Commonwealth v. Jackson, 419 Mass. 716, 719 (1995). In addition to the failure to provide a transcript, the defendant's appellate brief also lacks citation to a single legal authority in support of his arguments. An appellant's brief must contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies." Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). The rule "is more than a 'mere technicality. It is founded on the sound principle that the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority.'" Cameron v. Carelli, 39

5

Mass. App. Ct. 81, 85-86 (1995), quoting <u>Lolos</u> v. <u>Berlin</u>, 338 Mass. 10, 14 (1958).  Here, where the defendant has failed to articulate in his brief the precise issues on appeal and further failed to support his claims with legal authorities, his remaining claims do not rise to the level of adequate appellate argument and are waived.  See Mass. R. A. P. 16 (a) (9) (A).

<u>Order entered May 28, 2025,</u>
   <u>affirmed</u>.

By the Court (Grant, Walsh &
   Brennan, JJ.[1]),

Clerk

Entered:  May 21, 2026.

---

[1] The panelists are listed in order of seniority.