NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1017

C.T.S.

vs.

A.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, A.M., appeals from a District Court judge's order denying his motion to expunge an expired ex parte abuse prevention order from the Statewide domestic violence record-keeping system (DVRS) maintained by the Commissioner of Probation. We affirm.

The plaintiff, C.T.S., obtained an abuse prevention order pursuant to G. L. c. 209A (209A order) at an ex parte hearing on December 19, 2024. She submitted an affidavit and testified in support of her request for the 209A order. A two-party extension hearing was held on January 2, 2025. C.T.S. did not appear at the extension hearing, and accordingly the 209A order was not extended and terminated that day.

On January 23, 2025, A.M. filed a motion to expunge the record of the issuance of the ex parte 209A order, supported by an affidavit and memorandum alleging that the 209A order had been obtained by a fraud that C.T.S. had perpetrated on the court. A hearing was held by the same District Court judge who had issued the ex parte 209A order. The judge took the matter under advisement, considered the filings of A.M., and listened to a recording of the ex parte hearing which had taken place before him. The judge denied A.M.'s motion to expunge on the basis that "the court does not find the order was obtained via a fraud upon the court that would warrant expungement."

A defendant is entitled to expungement only in the narrow circumstance where the defendant demonstrates by clear and convincing evidence that the plaintiff perpetrated fraud on the court in obtaining the 209A order. See Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 737 (2006). Absent fraud, denial of a defendant's request for expungement has been affirmed even where the initial ex parte order should not have issued. See Silva v. Carmel, 468 Mass. 18, 19-20, 24-25 (2014) (affirming denial of expungement of ex parte order that had exceeded purview of authorizing statute). See also Allen v. Allen, 89 Mass. App. Ct. 403, 405-406 (2016) (where ex parte order was terminated by subsequent order after notice, appeal of

2

ex parte order dismissed as moot because defendant would not be entitled to any further relief, specifically expungement, even after successful appeal).

We review the judge's determination that there was no fraud on the court for an abuse of discretion. See Adams, 65 Mass. App. Ct. at 731, citing Rockdale Mgt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994). "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor,' . . . the utmost deference." Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).

On the record of this case, there was no error or abuse of

discretion in the judge's determination that there had not been a fraud on the court.[1]

Order denying motion to
expunge affirmed.

By the Court (Walsh,
Hershfang & D'Angelo, JJ.[2]),

*Paul Little*

Clerk

Entered: June 16, 2026.

---

[1] Any information contained in C.T.S.'s brief that can be construed to support A.M.'s position that a fraud was committed was never considered by the motion judge and therefore cannot affect our review of the motion judge's decision. See Love v. Massachusetts Parole Bd., 413 Mass. 766, 768 (1992) ("We cannot base our decision on facts not contained in the record"). A.M. may request that the motion judge reconsider his decision based on the new information in C.T.S.'s brief. We take no position on the merits of any such action.

[2] The panelists are listed in order of seniority.