MARILYN J. PIKE *vs.* MICHAEL J. MAGUIRE. No. 97-P-1690. September 27, 1999. *Abuse Prevention. Protective Order.*

The record belies the claim of the defendant, Michael J. Maguire, that he was denied a fair hearing on November 22, 1996, and December 18, 1996, with respect to the issue whether the G. L. c. 209A restraining order obtained by his ex-wife, Marilyn J. Pike, one year earlier should be extended or made permanent. As the Probate Court judge correctly noted in denying the defendant's motion for reconsideration of her November 22, 1996, issuance of a permanent restraining order, she conducted evidentiary hearings on both dates, taking evidence from both parties on November 22 and hearing testimony from the plaintiff on December 18.[1] See *Frizado* v. *Frizado*, 420 Mass. 592, 597-598 (1995); *Smith* v. *Joyce*, 421 Mass. 520, 521-522 (1995). Cf. *Zullo* v. *Goguen*, 423 Mass. 679, 681 (1996) ("Abuse prevention proceedings were intended by the Legislature to be as expeditious and informal as reasonably possible").

Moreover, the defendant's challenges to the judge's December 18, 1996, reiteration of her November 22, 1996, order making the restraining order permanent — that they were unsupported by any "direct evidence" that the defendant himself had perpetrated the persistent hang-up telephone calls to the plaintiff's place of employment and home or the October 10, 1996, vandalism of the plaintiff's husband's van (acts attested by the plaintiff's affidavit) or by any evidence that since the date of the original restraining order the defendant "has committed any of the enumerated acts set forth under 209A to justify a restraining order" — are without merit. The statute itself explicitly provides that "[t]he fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order . . . ." G. L. c. 209A, § 3, as appearing in St. 1990, c. 403, § 3. The only criterion for extending the original order is a showing of continued need for the order. See Massachusetts Trial Court, Guidelines for Judicial Practice: Abuse Prevention Proceedings, commentary to guideline 6:08 (1997).

The judge heard the testimony of the parties, observed their demeanor at several hearings, and had the files of prior restraining orders against the defendant before her. She could rationally conclude therefrom that the plaintiff (whose repeatedly expressed fear of the defendant was conceded to be genuine by his counsel, contrast *Wooldridge* v. *Hickey*, 45 Mass. App. Ct. 637, 639,

---

[1] The defendant chose not to testify on December 18. At both hearings he had the opportunity to be heard and to present evidence. His counsel did not take the opportunity to cross-examine the plaintiff, nor did he request a continuance beyond December 18.

641 [1998]), continued to have the same reasonable fear of physical harm that had supported the issuance of the restraining order sought to be extended, as well as the prior orders dating back to 1991. See *Smith* v. *Joyce*, 421 Mass. at 522; *Silvia* v. *Duarte*, 421 Mass. 1007, 1008 (1995). Confirmation of the reasonableness of the plaintiff's apprehension of the defendant could be drawn from (1) the defendant's record of violations of a prior order, for which he was placed on probation, see *Smith* v. *Joyce*, 421 Mass. at 522; *Commonwealth* v. *Chartier*, 43 Mass. App. Ct. 758, 760-761, 765 (1997); (2) the defendant's emotionally charged statements at the November 22 hearing, demanding to "get an answer from you [the judge] today why she's allowed to come in" and proclaiming that the plaintiff was engaged in a "systematic attempt to keep me away from my children" (who were sixteen, eighteen, and nineteen years old, respectively), statements which could well have indicated to the judge "a basis for concluding that the defendant's anger against the plaintiff might reignite," *Smith* v. *Joyce*, 421 Mass. at 522-523; and (3) the defendant's failure to testify at the December 18 hearing. See *Frizado* v. *Frizado*, 420 Mass. at 596-597.

In short, the judge was entitled to credit the testimony of the plaintiff that the defendant had kept her in fear for five years and to accept the reasonableness of her perception of that fear as a potential prelude to physical harm, particularly in light of the defendant's past abusive acts giving rise to the prior restraining orders, the recent smashing of the plaintiff's family vehicle's windshield, the notoriously volatile nature of child custody and visitation battles,[2] and the defendant's agitated conduct in court. See *E.H.S.* v. *K.E.S.*, 424 Mass. 1011, 1012 (1997). These factors, taken together, in the context of the entire history of the parties' hostile relationship, provided sufficient basis for the permanent extension of the protective order.

Orders of November 22, 1996, and December 18, 1996, affirmed.

*So ordered.*

*Robert F. Peck, Jr.*, for the defendant.
*Marilyn J. Pike*, pro se, submitted a brief.

---

[2] Cf. *Custody of Vaughn*, 422 Mass. 590, 599 (1996), noting the "frequency of domestic violence in disputes about child custody."