NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-900

A.Z.

vs.

H.G.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, H.G., appeals from the decision of a District Court judge to extend an abuse prevention order obtained by the plaintiff, A.Z., pursuant to G. L. c. 209A.  He raises several arguments in support of his contention that the judge's order should be vacated.  We affirm.

Background.  On January 30, 2020, the plaintiff sought a 209A order and submitted an affidavit in the District Court.  In the affidavit, she described a violent relationship with the defendant.  A week earlier the defendant threw a heavy slow cooker at her, striking her leg.  He previously slapped her, threw her belongings in a Dumpster, and poured cold water over her bed, among many other abuses over two to three years.  At

the conclusion of the hearing, the judge issued the order requiring the defendant to refrain from abuse, have no contact with the plaintiff, stay away from the plaintiff's residence, and surrender his firearms.

By agreement of the parties (as well as scheduling issues caused by the pandemic), a two-party hearing was delayed until June 30, 2022.  Both parties appeared with counsel, and a second judge extended the order for one year.  Following a hearing on June 29, 2023, with both parties present with counsel, a third judge extended the order for five years.  The defendant filed a notice of appeal.

Discussion.  "The inquiry at an extension hearing is whether the plaintiff has shown by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1."  Iamele v. Asselin, 444 Mass. 734, 739 (2005).  The ultimate "criterion for extending the original order is a showing of continued need for the order."  Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).  A judge is to examine the totality of the circumstances of the parties' relationship, including the basis for the initial order as well as any changes in the relationship since the initial order.  Iamele, 444 Mass. at 740-741.

"We review the extension of a c. 209A order for an abuse of discretion or other error of law" (quotation and citation omitted). Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024). "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives." Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Based on the totality of the circumstances of the parties' relationship, viewed in light of the initial abuse prevention order, the judge properly exercised her discretion to extend the order for a five-year period. At the hearing on June 29, 2023, the judge reviewed the plaintiff's affidavit and heard testimony from the defendant as well as arguments of counsel. The defendant acknowledged having loud arguments with the plaintiff, but he denied inflicting physical abuse, denied throwing any objects, and denied using a firearm. He also claimed that the plaintiff and her daughter prevented him from seeing his children and delayed his chance to see his children as part of a scheme to obtain a permanent restraining order. The judge was not required to credit the defendant's testimony or agree with

his contention that the extension was not needed.  See Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006) (even implicit credibility determination of judge is entitled to utmost deference).  Based on the plaintiff's affidavit, the judge could "reasonably conclude that there is a continued need for the order because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent."  Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014).  To the extent the defendant contested the facts underlying the initial order, those facts were not open to dispute at the extension hearing and are not subject to review in this appeal.  Iamele, 444 Mass. at 740.  Arguments directed at the propriety of the issuance of criminal complaints, arrest by the Brookline Police Department, service of the 209A orders, proceedings in the Probate and Family Court, and actions taken by the Department of Children and Families are likewise not properly presented by this appeal.

The defendant's brief and reply brief also contain numerous and wide-ranging factual allegations that are not found in the record of the extension hearing of June 29, 2023.  Because they are not part of the record of the hearing that is the subject of this appeal, the allegations are "not properly before us," and we do not consider them.  Stratos v. Department of Pub. Welfare,

4

387 Mass. 312, 324 n.12 (1982).  Also, claims raised for the first time in the defendant's reply brief are waived.  See Travenol Labs., Inc. v. Zotal, Ltd., 394 Mass. 95, 97 (1985).  Finally, to the extent the defendant claims a lack of jurisdiction due to his alleged Rhode Island residency, the Supreme Judicial Court rejected a similar claim in Caplan v. Donovan, 450 Mass. 463, 468-472 (2008).

The parties' requests for attorney's fees and costs are denied.

Order dated June 29, 2023, affirmed.

By the Court (Neyman, Hershfang & Hodgens, JJ.[1]),

*Paul Little*

Clerk

Entered:  August 27, 2024.

---

[1] The panelists are listed in order of seniority.