NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-899

Y.W.

vs.

H.G.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, H.G., appeals from the decision of a District Court judge to extend an abuse prevention order obtained by the plaintiff, Y.G., pursuant to G. L. c. 209A.  We affirm.

Background.  On January 28, 2020, the plaintiff sought a 209A order and testified at an ex parte hearing in the District Court.  She submitted an affidavit that included allegations that the defendant choked her, struck her, threatened to kill her and her mother, and threw items at her.  In testimony before the judge, she provided more detail and described a violent relationship with the defendant, her husband, with whom she shared children.  A year earlier the defendant tried to choke

her.  He threatened her with a knife, yelled at her in anger, and tried to hit her.  The last incident of physical abuse occurred two weeks before the hearing.  She also testified that the defendant has a firearm, and she lived in fear of imminent physical harm.  At the conclusion of the hearing, the judge issued the order requiring the defendant to refrain from abuse, stay away from the plaintiff's residence, and have no contact with the plaintiff.

By agreement of the parties (as well as scheduling issues caused by the pandemic), a two-party hearing was delayed until July 2, 2020.  Both parties appeared remotely at that hearing, after which a second judge extended the order for one year.

After two additional extension hearings (July 1, 2021, and June 30, 2022) where both parties appeared, the order was extended through June 29, 2023.  At a hearing on that last date, both parties participated once again, and another judge extended the order for five years.  The defendant filed a notice of appeal.

Discussion.  "The inquiry at an extension hearing is whether the plaintiff has shown by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1."  Iamele v. Asselin, 444 Mass. 734, 739 (2005).  The ultimate "criterion for extending the original order is a

2

showing of continued need for the order."  Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).  A judge is to examine "the totality of the circumstances of the parties' relationship," including the basis for the initial order as well as any changes in the relationship since the initial order.  Iamele, 444 Mass. at 740-741.

"We review the extension of a c. 209A order for an abuse of discretion or other error of law" (quotation and citation omitted).  Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024).  "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives."  Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Based on the totality of the circumstances of the parties' relationship, viewed in light of the initial abuse prevention order, the judge properly exercised her discretion to extend the order for a five-year period.  The judge reviewed the plaintiff's original affidavit (as detailed above) and heard arguments of counsel (neither side opting to present additional evidence or examine witnesses).  The affidavit included grave allegations of physical abuse including choking and striking the

3

plaintiff. Based on this affidavit alone, "a judge may reasonably conclude that there is a continued need for the order because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent." Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014).

The judge was not obliged to accept defense counsel's assertions at the extension hearing. At that hearing, counsel for the parties disputed more recent events, but did not present evidence to enable the judge to make findings of fact. Plaintiff's counsel noted that while the order was in effect the defendant misrepresented the location of his residence to the court, attempted to purchase a firearm as well as firearm parts, and hatched a plot to portray the plaintiff as a Chinese spy in order to secure the termination of her employment. The defendant, through counsel, denied all these allegations and argued that changed circumstances obviated the need for the order due to the finality of the parties' divorce, the defendant's Rhode Island residency, the defendant's remarriage without any history of abuse with his current spouse, and a diagnosis of serious health conditions including impaired vision, a fracture in his vertebra, and neuropathy. Because the judge had ample reasons to extend the order based on the physical abuse previously perpetrated by the defendant, and the

4

parties did not present any additional supporting evidence, no specific findings were required, and we do not consider these allegations. See G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018) (specific findings of fact are not required "where we are able to discern a reasonable basis for the order in the judge's rulings and order"). Moreover, to the extent the defendant contests the facts underlying the initial order, those facts were not open to dispute at the extension hearing and are not subject to review in this appeal. Iamele, 444 Mass. at 740. Arguments directed at the propriety of the issuance of criminal complaints, arrest by the Brookline Police Department, service of the 209A orders, proceedings in the Probate and Family Court, and actions taken by the Department of Children and Families are likewise not properly presented by this appeal.

The defendant's brief and reply brief also contain numerous and wide-ranging factual allegations that are not found in the record of the extension hearing of June 29, 2023. Because they are not part of the record of the hearing that is the subject of this appeal, the allegations are "not properly before us," and we do not consider them. Stratos v. Department of Pub. Welfare, 387 Mass. 312, 324 n.12 (1982). Also, claims raised for the first time in the defendant's reply brief are waived. See Travenol Labs., Inc. v. Zotal, Ltd., 394 Mass. 95, 97 (1985) (issue raised for first time in reply brief need not be

5

considered).  Finally, to the extent the defendant claims a lack of jurisdiction due to his alleged Rhode Island residency, the Supreme Judicial Court rejected a similar claim in <u>Caplan</u> v. <u>Donovan</u>, 450 Mass. 463, 468-472 (2008).

The parties' requests for attorney's fees and costs are denied.

<u>Order, dated June 29, 2023, extending abuse prevention order affirmed</u>.

By the Court (Neyman, Hershfang & Hodgens, JJ.[1]),

Clerk

Entered:  September 4, 2024.

---

[1] The panelists are listed in order of seniority.