NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-538

H.E.M.

vs.

J.M.F.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the order of a judge of the District Court, dated March 19, 2024, extending an abuse prevention order (restraining order), pursuant to G. L. c. 209A. Because we are satisfied that the evidence credited by the judge was sufficient to support the order, we affirm.

Background.  After issuing an ex parte restraining order against the defendant, a judge scheduled a two-party extension hearing with notice to the defendant.  Both parties appeared at the extension hearing, which a different judge heard.  The defendant was represented by counsel.  Both parties testified, and two exhibits were admitted in evidence.  The plaintiff's testimony, which the second judge explicitly credited, included

her account of the defendant's verbal, emotional, and psychological intimidation, and his aggressive bullying during their marriage. The plaintiff testified that six months after she and the defendant married, he pushed her and made sexual demands of her. She also described two occasions when she awoke to the defendant slipping his hands between her thighs.

The parties separated for one month, and during that time the defendant sent the plaintiff threatening text messages and e-mails. The parties then began going through divorce proceedings, and the plaintiff testified that she does not feel safe around the defendant. The plaintiff feared that the defendant's actions against her would escalate since she separated from him, testifying, "I've seen his rage, felt his punishment, heard his threats and ultimatums when he doesn't get what he wants." She described "living in constant fear," particularly after recently learning that the defendant had bought a mask and planned to stalk her. Due to her fear of him, she had moved six different times, including moving out-of-State.

At the hearing, the defendant admitted that he bought a mask and considered using it to try to find the plaintiff, but denied buying it to use to stalk her. He denied ever hitting her or forcing her to have sex.

After considering the exhibits and the testimony, the judge credited the plaintiff's demeanor and testimony, stated that she had concerns about the divorce litigation, and extended the ex parte order for one year.

Discussion.  The defendant argues that the ex parte order should not have been extended because the plaintiff did not meet her burden of proof.  We are not persuaded.

We review the extension of a restraining order for an abuse of discretion or other error of law.  E.C.O. v. Compton, 464 Mass. 558, 561-562 (2013).  "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  "We accord the credibility determinations of the judge who 'heard the testimony of the parties. . . [and] observed their demeanor,' the utmost deference."  Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).

A plaintiff seeking to extend a restraining order must show "by a preponderance of the evidence[] that the defendant has caused or attempted to cause physical harm, committed a sexual

3

assault, or placed the plaintiff in reasonable fear of imminent serious physical harm." MacDonald v. Caruso, 467 Mass. 382, 386 (2014). See G. L. c. 209A, § 1 (1996). A judge should consider "the totality of the conditions that exist at the time that the plaintiff seeks the extension, viewed in the light of the initial abuse prevention order." Iamele v. Asselin, 444 Mass. 734, 741 (2005).

The defendant contends that the judge incorrectly weighed a single factor, the parties' ongoing divorce litigation, and that the decision failed to articulate that he physically abused the plaintiff or posed a threat of imminent serious physical harm. After reviewing the record, we conclude that it supports the judge's decision to extend the restraining order. The judge credited the plaintiff's testimony about the defendant's past abuse, his threatening and aggressive behavior, and her ongoing fear of him during their divorce proceedings. See G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018) (where reasonable basis for judge's rulings and order is discernible, no specific findings required); Callahan v. Callahan, 85 Mass. App. Ct. 369, 375 (2014) (judge properly considered totality of circumstances of relationship including ongoing Probate and Family Court litigation and "hostility likely engendered thereby").

The defendant also argues that the plaintiff's allegations do not amount to a reasonable fear of serious imminent physical

4

harm. This argument also fails. While there was no evidence that the defendant recently caused the plaintiff physical harm, she testified to his past aggressive and threatening behavior, and expressed living in constant fear of him since learning about the mask and his recent plan to stalk her. We conclude that the plaintiff's testimony, which the judge credited, was sufficient to justify the judge's decision to extend the restraining order.

Considering the totality of the circumstances of the parties' relationship and the evidence presented at the extension hearing, we discern no abuse of discretion or other error of law in the judge's decision to extend the restraining order for one year.

Order dated March 19, 2024, extending abuse prevention order affirmed.

By the Court (Massing, Hershfang & Tan, JJ.[1]),

*Paul Little*

Clerk

Entered: June 2, 2025.

---

[1] The panelists are listed in order of seniority.