NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-838

A.S.

vs.

S.D.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the order of a judge of the District Court, dated May 3, 2024, extending an abuse prevention order (restraining order) pursuant to G. L. c. 209A. Because we are satisfied that the evidence credited by the judge was sufficient to support the order, we affirm.

Background. After issuing an ex parte restraining order against the defendant, a judge scheduled a two-party extension hearing with notice to the defendant. Both parties appeared at the extension hearing, and the defendant was represented by counsel. Both parties testified, and one exhibit, a video recording, was admitted in evidence. The plaintiff's testimony, which the judge explicitly credited, included his account of the

defendant's escalating and unpredictable behavior during their romantic relationship. The plaintiff testified that the defendant had been "hitting me and attacking me for a very long time" and that he had told the defendant that if the abuse did not stop, he would be forced to call 911 or take legal action. The plaintiff stated that he had pictures of where the defendant had "damaged" or "hurt" him and that he had scars. The plaintiff described a particular incident in which the defendant was out of control, angry, and "destroyed" his apartment. The plaintiff presented a video recording of the damage to his apartment that he claimed was caused by the defendant.

After considering the exhibits and the testimony, the judge stated that "[a]fter hearing and making my determination of the credibility of the witnesses" the plaintiff had met his burden of proof. He extended the order for one year. The defendant appeals.

Discussion. The defendant argues that the ex parte order should not have been extended because the plaintiff did not meet his burden of proof.[1] We are not persuaded. We review the extension of a restraining order for an abuse of discretion or other error of law. E.C.O. v. Compton, 464 Mass. 558, 561-562

_____

[1] The defendant initially challenged the issuance of the ex parte order but withdrew the claim at oral argument.

2

(2013).  An abuse of discretion occurs where a reviewing court "conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor' the utmost deference."  Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).

A plaintiff seeking to extend a restraining order bears the burden of establishing, "by a preponderance of the evidence, that the defendant has caused or attempted to cause physical harm, committed a sexual assault, or placed the plaintiff in reasonable fear of imminent serious physical harm."  MacDonald v. Caruso, 467 Mass. 382, 386 (2014).  See G. L. c. 209A, § 1. A judge should consider "the totality of the conditions that exist at the time that the plaintiff seeks the extension, viewed in the light of the initial abuse prevention order."  Iamele v. Asselin, 444 Mass. 734, 741 (2005).

At the hearing, the defendant sought her own restraining order, testifying that the plaintiff had physically abused her

3

and describing several incidents in which she suffered verbal and physical abuse by the plaintiff. The defendant contends that when considering the plaintiff's request for extension of the restraining order, the judge incorrectly weighed a single factor, the defendant's failure to contact police or seek a restraining order after being abused, and improperly discredited her testimony. In support of this position, the defendant points to three occasions during the hearing where the judge remarked that the defendant never contacted the police or sought a restraining order after allegedly being abused by the plaintiff. The defendant correctly notes that a restraining order should not be denied "solely because it was not filed within a particular time period after the last alleged incident of abuse." G. L. c. 209A, § 3. Certainly, while a judge can consider whether a person did not report abuse to the police or file for a restraining order when considering the totality of the circumstances, it must be done with caution. It is not unusual for a victim of domestic violence to delay reporting. But the defendant did not appeal from the decision denying her request for a restraining order; all that is before us is her appeal from the decision extending the order protecting the plaintiff. In any event, we do not understand the judge to have based either decision, or his credibility determinations,

4

"solely" on the defendant's failure to report earlier the alleged abuse against her.

After reviewing the entire record, and since the only issue before us is whether the plaintiff has met his burden of proof, we conclude that the judge's decision to extend the restraining order was supported by the record. The judge credited the plaintiff's testimony about the defendant's past abuse, her threatening and aggressive behavior, and his ongoing fear of physical harm. See G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018) (no specific findings required where reasonable basis for judge's rulings and order is discernible). We are not persuaded by the defendant's argument that the plaintiff's allegations do not amount to a reasonable fear of serious imminent physical harm. The plaintiff testified that the defendant caused him physical harm. We conclude that this testimony, which the judge credited, was sufficient to justify the judge's decision to extend the restraining order. Considering the totality of the circumstances of the parties' relationship and the evidence presented at the extension hearing, we discern no abuse of

discretion or other error of law in the judge's decision to extend the restraining order for one year.

                    Order dated May 3, 2024,
                        extending abuse prevention
                        order, affirmed.

                    By the Court (Sacks,
                        Englander & Walsh, JJ.[2]),

                    *Paul Little*

                    Clerk

Entered:   July 11, 2025.

---

[2] The panelists are listed in order of seniority.