NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-969

K.C.

vs.

F.A.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order entered by a District Court judge extending an abuse prevention order issued pursuant to G. L. c. 209A (209A order).  Because we are satisfied that the testimony credited by the judge was sufficient to support a five year extension of the 209A order, we affirm.

Background.  The parties were previously married and are the parents of two children.  In 2020, the plaintiff sought a 209A order after the defendant came home and placed her in "intense fear of harm."  The plaintiff alleged that the defendant had yelled and cursed at her and followed her when she attempted to get away from him, screaming and pounding on the door of a room in which she had barricaded herself.  The

plaintiff also alleged that the defendant had elbowed their five year old son and that the defendant insisted that he was entitled to use physical force with the child to show dominance. The plaintiff further alleged that the defendant was the subject of a "supported" investigation conducted by the Department of Children and Families (DCF), had a history of alcohol misuse and "alcohol-related arrests," and physically blocked her in rooms of their home despite the plaintiff's requests to leave.

A judge issued a temporary 209A order, including a provision granting the plaintiff custody of the two children.[1] The 209A order was extended after a two-party hearing on December 4, 2020, for a period of six months. Thereafter, the 209A order was extended on four additional occasions[2] and was modified on four other occasions.[3] The December 2020 modification order "deleted" paragraph twelve of the 209A order, by agreement of the parties, which had ordered the defendant to surrender all "guns, ammunition, gun licenses[,] and FID cards."

---

[1] The docket reflects a finding at the time of the issuance of the temporary 209A order "that there is a substantial likelihood of immediate danger of abuse."

[2] The 209A order was extended on June 4, 2021, June 3, 2022, June 5, 2023, and June 5, 2024. The defendant did not appear at the June 2023 extension hearing.

[3] The 209A order was modified on December 23, 2020, September 21, 2021, April 13, 2022, and April 24, 2024.

2

The April 2022 modification order (issued by a judge of the Probate and Family Court) reinstated the firearm surrender, and the District Court judge continued the firearm surrender in the June 2022 and June 2023 extension orders.[4]

Both parties appeared, and were self-represented, at the 2024 extension hearing. The plaintiff testified that she still feared the defendant. The plaintiff further testified that she believed the defendant's alcohol issues were ongoing based on her observations of the defendant during video calls to their children, that the parties' divorce was not yet finalized, and that she continued to live in the marital home, which the parties still co-owned.

The plaintiff also testified that the defendant had not adhered to the conditions of prior restraining orders: he sent her text messages, called her outside of the permitted time frame for communication, and contacted her mother. The plaintiff testified that she feared that without the 209A order, the defendant would pick up their two children from school or come near the house.

---

[4] The defendant did not appeal from the initial 209A order or any extension or modification, including the firearm surrender reinstatement, prior to the extension granted on June 5, 2024.

The judge asked the plaintiff about prior physical violence, and the plaintiff testified that the defendant grabbed her, restricted her movements, blocked and barricaded her with his body, and threw things at her, including in the presence of their children and the plaintiff's mother. The defendant testified in response to this testimony that he had "no idea what she's referring to whatsoever."

The defendant testified that he resides outside of Massachusetts, is only able to see the parties' children once per month, and believes the 209A order is an impediment to coparenting the children. The defendant also testified that he had not threatened or been violent toward the plaintiff since the 209A order had issued, and that he was in the Navy Reserve, anticipated to deploy in the next year.

As we have noted, the judge extended the 209A order for a period of five years.[5] The present appeal followed.

Discussion. The defendant argues that the 209A order should not have been extended because the plaintiff did not meet her burden of proof. The defendant further argues that the firearm restriction is improper because it could bar him from "deploying and serving [his] country." We are not persuaded.

---

[5] The plaintiff had requested a permanent order.

We review the extension of a 209A order for an abuse of discretion or other error of law.  E.C.O. v. Compton, 464 Mass. 558, 561-562 (2013).  An abuse of discretion occurs where a reviewing court "conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor' the utmost deference."  Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).

A plaintiff seeking to extend a 209A order based on evidence that the defendant caused physical harm to the plaintiff, G. L. c. 209A, § 1 (a), need not prove a reasonable fear of imminent future physical abuse.  When the plaintiff has suffered physical abuse, "a judge may reasonably conclude that a c. 209A order is necessary 'because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent.'"  Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 187 (2020), quoting Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014).  A judge should consider "the totality of the conditions that exist at the time that the

5

plaintiff seeks the extension, viewed in the light of the initial abuse prevention order." Iamele v. Asselin, 444 Mass. 734, 741 (2005).

In June 2021, in extending the 209A order for a year, the same judge made written findings that the plaintiff testified to prior physical abuse, that both parties were in the Navy, that the Navy had supported allegations of child abuse, and that the parties were in divorce proceedings. At the June 2024 hearing, the judge referenced these prior findings and credited the plaintiff's testimony about the abuse, the defendant's assaultive behavior of the plaintiff and the children, and the plaintiff's ongoing fear. The judge was familiar with the parties from prior hearings and properly considered the totality of the circumstances of the parties' relationship, including the past incidents of abuse, the ongoing custody and divorce litigation between the parties, the defendant's criminal history for resisting arrest and alcohol-related offenses, and the investigation of DCF and the Navy which supported a finding against the defendant.

The judge credited the plaintiff's testimony relative to "prior physical harm" and found that her demeanor evinced continuing fear of the defendant. The evidence credited by the judge supported her conclusion that further extension of the 209A order was necessary to protect the plaintiff from the

6

effects of the past physical harm.  See G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018) (where reasonable basis for judge's rulings and order is discernible, no specific findings required); Callahan, 85 Mass. App. Ct. at 375 (judge properly considered totality of circumstances of relationship including ongoing Probate and Family Court litigation and "hostility likely engendered thereby").

The defendant argues that the judge failed to consider that, since entry of the 209A order, he has not violated the order, has not acted violently toward the plaintiff, and has not harassed the plaintiff using any communication.  In addition, the defendant contends that he has traveled to Massachusetts for parenting time with his children and has interacted with the plaintiff during exchanges of the children without any issue.

The defendant's reliance on his conduct since the issuance of the 209A order is misplaced; the plaintiff is not required to show that additional abuse has occurred.  See G. L. c. 209A, § 3 ("The fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order, of allowing an order to expire or be vacated, or for refusing to issue a new order"). In light of the judge's consideration of the circumstances, we discern no abuse of discretion or other error of law in the judge's decision to extend the 209A order for five years.

To the extent that the defendant seeks relief from the firearm surrender order, the judge was constrained by G. L. c. 209A, § 3C, which requires that when an extension of an abuse prevention order is issued, the firearm "suspension and surrender order . . . shall continue so long as the restraining order to which it relates is in effect."  There was no error.

Order dated June 5, 2024, extending abuse prevention order, affirmed.

By the Court (Vuono, Massing & Allen, JJ.[6]),

Clerk

Entered:  October 3, 2025.

---

[6] The panelists are listed in order of seniority.