NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1171

ALICE POMERLEAU

vs.

JUSTIN JOHNSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant lived in a mobile home owned by the plaintiff, his stepmother.  In August 2023 the plaintiff served the defendant with a written notice to quit and, when he failed to vacate, served a summary process eviction complaint.  After a summary process trial a judge of the Housing Court concluded that (1) a purported real estate purchase agreement and related testimony were insufficient to demonstrate that the defendant's right of possession was superior to that of the plaintiff, (2) the defendant was a licensee, and (3) the plaintiff met her prima facie burden to show a superior right to possession, reasonable notice to the defendant, and the defendant's failure

to vacate.  The judge awarded the plaintiff possession but no damages for unpaid rent.

The defendant maintains that the judge erred in concluding that the defendant was a "mere licensee."  In support of this assertion, he points to two things:  first, the trial evidence, including the purported real estate purchase agreement, which the defendant says reflected a rent-to-own arrangement between the parties; and second, testimony by both the plaintiff and the defendant characterizing the defendant as a "tenant."

"On review of a jury-waived proceeding, we accept the judge's findings of fact unless they are clearly erroneous." U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 427 (2014). "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor,' the utmost deference" (alteration in original). Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).

Although the judge did not make an explicit credibility finding, it is implicit in his rulings that he credited the plaintiff's testimony about the purported real estate purchase agreement.  Because his rejection of the real estate purchase agreement was supported by the record, and because it involved the sort of credibility determinations that are "quintessentially the domain of the trial judge," Prenaveau v.

Prenaveau, 81 Mass. App. Ct. 479, 496 (2012), we are unpersuaded by the defendant's implicit claim of error in this determination.

That leads to the defendant's argument on appeal: whether the judge erred in concluding the defendant was not a tenant but a licensee. At trial, the defendant stipulated that the notice to quit was valid and did not contest that he received the process due a tenant. He took the position that the parties did not have a tenancy agreement, however, and he was gradually buying the mobile home. The judge agreed with the defendant that he was not a tenant and, presumably for that reason, awarded the plaintiff no damages for unpaid rent. We fail to see how it could benefit the defendant to be adjudged a tenant rather than a licensee and we do not find the briefing enlightening. Particularly where the defendant's appellate argument that he was a tenant is at odds with the position he took in the trial court that he was not a tenant, it is not this panel's role to weave an argument from the near-invisible strings presented. Accordingly, we affirm.

The plaintiff has requested an award of her appellate attorney's fees and costs on the grounds that the appeal is frivolous and not advanced in good faith. We agree that the appeal is frivolous. Accordingly, within fourteen days of the date of this decision, the plaintiff may file an application for

3

attorney's fees and costs.  The defendant may have fourteen days
to respond.  See <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004).

<u>Judgment affirmed</u>.

By the Court (Shin, Grant &
Hershfang, JJ.[1]),

Clerk

Entered:  October 6, 2025.

---

[1] The panelists are listed in order of seniority.