NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1179

M.A.D.

vs.

M.D.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order entered on July 19, 2024, extending by two years a G. L. c. 209A abuse prevention order (order) issued against him in favor of the plaintiff.  We affirm.

Background.[1]  In 2021, the day after the plaintiff called the police to the parties' formerly shared home because the

_____

[1] We derive certain background facts from the affidavit and exhibits submitted in connection with the initial order issued in 2021.  The defendant included in the record appendix the transcript of the 2021 two-party hearing, but argues that we should not consider it because it was not furnished to the judge who extended the order in 2024.  For the purposes of this appeal, we assume that the judge in 2024 did not rely on the 2021 transcript.  See Commonwealth v. O'Brien, 423 Mass. 841, 848-849 (1996), S.C., 432 Mass. 578 (2000) ("A judge may not take judicial notice of facts or evidence brought out at a prior

defendant was behaving erratically, the plaintiff applied for an abuse prevention order under G. L. c. 209A. The affidavit in support of her complaint stated the defendant had "been excessively drinking which further escalated during COVID," had "total control" of the parties' finances, and had placed a GPS tracker on the plaintiff's car and cell phone. She also stated she had filed for divorce the same day. On the same date as the ex parte hearing, a District Court judge wrote at the bottom of the plaintiff's affidavit, "Per P -- D sexually aggressive," and signed and dated it. The judge issued the order.

Two weeks later, after a hearing at which both parties were present, the judge extended the order for one year. In 2022, the order was extended for two years, with slightly modified conditions, by the agreement of the parties.

By the time of the next extension hearing in 2024, before a different District Court judge, the parties' divorce had been finalized, although it appears that some open issues remained. The parties lived and worked in different towns. Since 2021, one child had moved out of state and another attended college, returning to the plaintiff's home during school breaks. The defendant had been diagnosed with a chronic liver condition and

---

hearing that are not also admitted in evidence at the current hearing").

prescribed a medication that discouraged the consumption of alcohol, and he was seeing a therapist to manage his depression.

At the 2024 hearing, the plaintiff testified about the events that led to the issuance of the initial order, including those described in her affidavit and in the police report regarding the 2021 incident at their home.  She also testified that the defendant had coerced her into sex "on a regular basis."  Concluding that the plaintiff still had fear stemming from abuse during the parties' "long problem marriage," the second judge extended the order for another two years, to expire on July 20, 2026.  The defendant appeals from this order.

Discussion.  The defendant argues the second judge failed to consider the significant changes in the parties' relationship since the original order was issued and consequently extended the order in error.  We review the extension of a c. 209A order "for an abuse of discretion or other error of law."  E.C.O. v. Compton, 464 Mass. 558, 562 (2013).  "We therefore ask whether the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotations omitted).  L.L. v. M.M., 95 Mass. App. Ct. 18, 22 (2019), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

When determining whether an extension is warranted, a judge should consider "the totality of the conditions that exist at

3

the time that the plaintiff seeks the extension, viewed in the light of the initial abuse prevention order." Iamele v. Asselin, 444 Mass. 734, 741 (2005). "No presumption arises from the initial order; 'it is the plaintiff's burden to establish that the facts that exist at the time extension of the order is sought justify relief.'" MacDonald v. Caruso, 467 Mass. 382, 386 (2014), quoting Smith v. Jones, 67 Mass. App. Ct. 129, 133-134 (2006). The standard for granting an extension "is whether the plaintiff has shown by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1." Iamele, supra at 739.

Chapter 209A defines "abuse" as "the occurrence of any of the following acts between family or household members: (a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; (c) causing another to engage involuntarily in sexual relations by force, threat or duress; [or] (d) coercive control." G. L. c. 209A, § 1 "abuse." A plaintiff seeking an extension on the basis of fear of physical abuse under § 1 clause (b) "must show that he or she is currently in fear of imminent serious physical harm, as well as that the fear is reasonable" (citation omitted). Iamele, 444 Mass. at 737. However, when seeking protection from the effects of actual past abuse as defined in § 1 clauses

4

(a) or (c), the plaintiff "does not need to prove a reasonable fear of imminent future physical [or sexual] abuse to obtain relief." Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186-187 (2020).  See Iamele, supra at 740 n.3 ("If the plaintiff were suffering from attempted or actual physical abuse . . . or involuntary sexual relations . . . there is no question that an extension should be granted").  "Rather, when a plaintiff has suffered [such] abuse, a judge may reasonably conclude that a c. 209A order is necessary 'because the damage resulting from that . . . harm affects the victim even when further physical attack is not reasonably imminent.'"  Yahna Y., supra at 187, quoting Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014).

The defendant contends the trial judge extended the order without considering evidence of "changed circumstances," including that the parties now lead separate lives, that the defendant has largely quit drinking, and that he sees a therapist.  These circumstances, he contends, render the plaintiff's fears of abuse objectively unreasonable.  But this argument is unavailing because the judge credited the plaintiff's uncontested testimony that the defendant forced her into sexual intercourse.[2]  As a result of this finding, the

_____

[2] Contrary to the defendant's contention at oral argument, it is of no consequence that the defendant was not prosecuted for rape or sexual assault.  See, e.g., Yahna Y., 97 Mass. App.

5

plaintiff did not have to prove a reasonable fear of imminent harm; it was enough that the plaintiff was still suffering from the effects of past abuse. See Yahna Y., 97 Mass. App. Ct. at 186-187.

The judge did not err or abuse her discretion in finding the plaintiff continued to suffer harm from the past abuse at the time of the extension hearing, justifying an extension of the order. In reviewing the totality of the circumstances, it is critical to examine not only the parties' recent behavior, but also the events leading up to the issuance of the initial order. See Pike v. Maguire, 47 Mass. App. Ct. 929, 930 (1999) (concluding extension of c. 209A order was proper "in the context of the entire history of the parties' hostile relationship"). The defendant's positive progress does not erase the fact that the plaintiff had been subjected to forced sexual intercourse, as well as intimidation, surveillance, and other aggressive and unstable behavior during the parties' marriage. The judge credited the plaintiff's testimony that she remains in fear based on the parties' "long history," including the sexual abuse. The judge was in the best position to assess the plaintiff's credibility on this point, see Yahna Y., 97

_____

Ct. at 187 (affirming extension of c. 209A order based on plaintiff's testimony regarding past sexual abuse).

6

Mass. App. Ct. at 185, and the judge could reasonably find that the plaintiff was still feeling the effects of the abuse that supported the issuance of the initial order.  The question before the judge was not when this fear should reasonably dissipate; it is enough that, at the time of the extension hearing, the judge found that the plaintiff still felt it.  The judge acted within her discretion in extending the order on that basis.

Order entered July 19, 2024, affirmed.

By the Court (Massing, Hand & Allen, JJ.[3]),

_Paul Little_

Clerk

Entered:  December 19, 2025.

---

[3] The panelists are listed in order of seniority.