NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-938

SOPHIA TERRY

vs.

WILLIAM POWLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The father, William Powley, filed a complaint for contempt against the mother, Sophia Terry, alleging that she violated a Probate and Family Court order requiring that the father have regular supervised parenting time with the parties' two minor children. After the father amended his complaint, a judge held an evidentiary hearing and then issued findings and a judgment concluding that the mother was not in contempt. On the father's appeal, we affirm the judgment.

To hold a party in civil contempt there must be "clear and convincing evidence of disobedience of a clear and unequivocal command." Birchall, petitioner, 454 Mass. 837, 853 (2009). "We review the judge's ultimate finding of contempt for abuse of

discretion, but we review underlying conclusions of law de novo and underlying findings of fact for clear error" (citation omitted).  Jones v. Jones, 101 Mass. App. Ct. 673, 688 (2022).  Here, the judge found that the parties' son often refused to spend scheduled parenting time with the father and "bolted" from the supervision center where the visits were to occur.  The parties' daughter usually cut her visits short after twenty to thirty minutes.

Although the father attempted to hold the mother responsible for the children's behavior, the judge expressly credited a visitation supervisor's testimony that the mother was making a genuine effort to facilitate parenting time with the father.  The judge also credited the mother's testimony that the mother was making efforts to get professional guidance about the difficulties surrounding the children's parenting time with the father.  The judge expressly declined to credit the opinion of the supervision center's founder that the mother did not support the father's relationship with the children.  The judge did so because the founder had supervised only two visits with the father, whereas the visitation supervisor had been involved with the family for one and one-half years.

On appeal, the father essentially attacks the finding that the mother tried to facilitate the father's parenting time.  The father, however, has failed to support his argument with record

citations.  Moreover, "[w]e accord the credibility determinations of the judge who 'heard the testimony of the [witnesses] . . . [and] observed their demeanor' . . . the utmost deference."  Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).  "In a bench trial credibility is 'quintessentially the domain of the trial judge [so that (her)] assessment is close to immune from reversal on appeal except on the most compelling of showings.'"  Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 496 (2012), quoting Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995).  The father has offered no reason for us to disregard the judge's credibility findings here.  We therefore see no abuse of discretion in the judge's conclusion that the mother was not in contempt.  See Jones, 101 Mass. App. Ct. at 688.

We briefly address the father's argument that contempt is the only way of changing the mother's approach to parenting time, including what the father describes as her repeated refusals to allow his parenting time to occur "someplace fun" in the community rather than in the supervision center.  We take judicial notice that on the same day the judge issued her contempt decision, she issued a further temporary order authorizing the professional parenting time supervisor "to make the determination whether the parenting time takes place in a

3

[visitation] center or in the community after assessing the needs and preferences of the children."  In light of that order, the father's claim that he is pursuing this appeal because he has no remedy other than contempt is baseless.

The mother requests an award of her appellate attorney's fees, on the ground that the father's appeal is frivolous.  "An appeal is considered frivolous when the underlying case law is settled and there is no reasonable expectation of a reversal." Pierce v. Clark, 66 Mass. App. Ct. 912, 915 (2006).  See Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).  Although this appeal comes close to meeting that standard, we deny the request for fees, at the same time cautioning the father that further appeals of this nature may lead to fees being awarded.

Judgment dated May 29, 2025, affirmed.

By the Court (Sacks, Hodgens & Toone, JJ.[1]),

Clerk

Entered:  March 9, 2026.

---

[1] The panelists are listed in order of seniority.

4