NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1223

K.S.

vs.

A.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, A.M., appeals from the entry on July 29, 2025, of a harassment prevention order protecting the plaintiff, K.S., under G. L. c. 258E. Discerning no error, we affirm.

Based on the record before us, it appears that the defendant was involved in an arbitration after the defendant's employer terminated her employment while she was on medical leave. The arbitration was administered by JAMS Boston, where the plaintiff was employed as director of operations. The arbitration apparently did not go well for the defendant, and she directed her frustration with the process at the plaintiff. The plaintiff testified about a series of phone calls, voice messages, and other communications from the defendant in which

the defendant threated to harm the plaintiff and her children. The communications included references to two recent, high-profile cases in which one person killed an executive out of frustration and disgruntlement and another person took the lives of her young children. The plaintiff found these communications threatening and alarming, especially as they showed that the defendant had been accumulating personal information about the plaintiff and her family.

In response to the plaintiff's evidence, the defendant testified that "all [she] was looking for was understanding and empathy," and that her communications were "never an attack on [the plaintiff's] family." In her brief, the defendant further attempts to justify her conduct. The defendant states that she focused on the plaintiff because she had learned that the plaintiff had a psychology degree, and the defendant expected someone like the plaintiff to understand "human behavior and conflict dynamics," to be empathetic, and to have "communication and active listening skills." The judge found, "in consideration of the credible and relevant evidence," that the plaintiff had met the burden required for issuing the harassment prevention order.

As relevant to our review of the order, "we consider whether the judge could find, by a preponderance of the

2

evidence, together with all permissible inferences," that the defendant committed three or more acts of "willful and malicious conduct" directed at the plaintiff, with the intent to cause fear or intimidation and which did in fact cause fear or intimidation (quotation and citation omitted). Gassman v. Reason, 90 Mass. App. Ct. 1, 7 (2016). The defendant advances only one relevant legal argument on appeal. She claims that her intent was not "malicious" where "she was simply trying to get help regarding her legal case," and that "[i]n a similar situation anyone would feel slighted and defensive."[1]

The statute defines "malicious" as "characterized by cruelty, hostility or revenge." G. L. c. 258E, § 1. In determining whether the defendant, out of cruelty, hostility, or revenge, intended to instill fear in or intimidate the plaintiff, the judge was required to consider "all of the surrounding circumstances" and was permitted to "draw reasonable inferences to determine what was the defendant's intent." A.T. v. C.R., 88 Mass. App. Ct. 532, 538 (2015). It is apparent that the judge credited the plaintiff's testimony and evidence about the nature of the threats the defendant made. The defendant's

---

[1] The defendant advances a second claim to the effect that the plaintiff's employer violated G. L. c. 93A in its handling of the arbitration. This claim, even if true, has no bearing on whether the defendant's conduct toward the plaintiff warranted the issuance of the order.

own testimony demonstrated that she was angry, frustrated, traumatized, and resentful about the conduct of the arbitration proceedings.  It is implicit in the issuance of the order that the judge did not credit the defendant's claim that she meant no harm.  "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor' the utmost deference."  Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).

The evidence as a whole permitted the inference that the defendant's threatening communications, which caused the plaintiff to fear for her safety, were grounded in hostility and revenge and made with the intent to cause the plaintiff fear and intimidation.  We therefore discern no error of law or abuse of

4

discretion in the judge's issuance of the order.  See Yasmin Y.

Queshon Q., 101 Mass. App. Ct. 252, 256 (2022).

Harassment prevention order
  entered July 29, 2025,
  affirmed.

By the Court (Massing,
  Ditkoff & Hand, JJ.[2]),

*Paul Little*

Clerk

Entered: June 12, 2026.

---

[2] The panelists are listed in order of seniority.