NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1090

K.B.

vs.

R.H.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal arises from the successful effort of the plaintiff (mother) to modify a judgment for parenting time. We affirm.

The parties are the never-married parents of a child, now fourteen. They originally stipulated to shared physical and legal custody in 2015 and modified that judgment by agreement in 2017. In October 2024, the mother filed a complaint seeking a further modification, alleging that the child did not wish to go to the defendant father's home "due to concerning behavior, verbal abuse and regular alcohol use." On the mother's motion, a judge of the Probate and Family Court appointed a guardian ad litem to interview the child and "determine her wishes and best

interests related to parenting time with either parent." The judge later entered temporary orders that allowed the father parenting time over the weekends. After receiving a confidential report from the guardian ad litem and holding a trial at which both parents testified, the judge concluded that the mother should have parenting time from Sunday at 6 P.M. until Friday after school, with the father having parenting time on the weekends and one weeknight visit. The father appealed.

"In custody matters, the touchstone inquiry [is] . . . what is best for the child, and [t]he determination of which parent will promote a child's best interests rests within the discretion of the judge . . . [whose] findings . . . must stand unless they are plainly wrong" (quotations omitted). Malachi M. v. Quintina Q., 483 Mass. 725, 740 (2019), quoting Hunter v. Rose, 463 Mass. 488, 494 (2012). The familiar "best interests analysis is a child-centered one that focuses on the specific needs and interests of a child and how these might best be met." Charara v. Yatim, 78 Mass. App. Ct. 325, 336 (2010). In a modification proceeding, the proponent "must first establish that a material and substantial change in circumstance has occurred to warrant a change in custody, and that the change is in the child's best interests." E.K. v. S.C., 97 Mass. App. Ct. 403, 408 (2020). "We review the judgment and the subsidiary findings of fact for abuse of discretion or other error of law.

2

A trial judge's findings of fact will not be set aside unless clearly erroneous." Murray v. Super, 87 Mass. App. Ct. 146, 148 (2015).

The father maintains that the modification was in error because (1) it was not supported by sufficient findings or evidence in the record to conclude that there was a material and substantial change in circumstances, and (2) the record support was inadequate to conclude that the modification was in the child's best interests. In support of his contentions, the father emphasizes record evidence that weighs in favor of his position. He posits that the child's preference is too slender a reed to support the requested modification and must be "treated with caution."

While it would have been preferable for the judge to make specific findings to explain her reasoning, we cannot conclude that she committed an error of law. The judgment incorporated the findings of the guardian ad litem (GAL), which described that the child sometimes did not "feel safe" at the father's home, and had "experienced uncomfortable situations" with the father, whose alcohol use affected her time with him. The child reported that both parents speak poorly about one another but noted that she was more upset when the father spoke poorly about the mother and believed that he said negative, "unnecessary things" about the mother. The child informed the GAL that she

3

had been asking to have more parenting time with the mother for "quite a few years," demonstrating that the request was not the passing passion of a mercurial teen.  Finally, the child maintained that spending more time with the mother would "be beneficial for her mental health and would reduce her stress."

In addition to reviewing the GAL report, the judge heard the testimony of the parties and the GAL during a trial.  "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor,' the utmost deference."  Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).  Although the judgment did not include specific credibility determinations, the judge was able to observe the father as he responded to questions about, for example, the child's assertion that she did not feel safe in his home.  Though spare, the record includes sufficient factual

4

support that we conclude that the judge did not commit clear error.

> Judgment dated June 26, 2025, affirmed.
>
> By the Court (Neyman, Hershfang & Toone, JJ.[1]),

*Paul Little*

Clerk

Entered:  June 17, 2026.

---

[1] The panelists are listed in order of seniority.

5